IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, ) <br> as subrogee of THE LAURIDSEN GROUP, ) <br> INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ADVANCE SERVICES, INC., ) <br> ) <br> Defendant. ) | CASE NO. _____ <br><br><br> COMPLAINT |

Plaintiff, LEXINGTON INSURANCE COMPANY ("Lexington"), as subrogee of THE LAURIDSEN GROUP, INC. ("Lauridsen"), by and through its counsel, and for its cause of action against Defendant, ADVANCE SERVICES, INC. ("Advance").

## INTRODUCTION

1.  This is an action to recover damages resulting from a fire at one of Lauridsen's processing facility buildings, known as APC COMPANY, Inc. ("APC"), located in Boone, Iowa.

## PARTIES

2.  On the date of the loss, Lauridsen was a privately held holding company, which focused on the food and animal feed industry with a principal place of business located at 2425 SE Oak Tree Court, Ankeny, Iowa 50021.

3.  On the date of the loss, the APC facility was a wholly owned subsidiary of Lauridsen, which utilized dried blood plasma (porcine and bovine) and converted the raw product in a protein food supplement primarily for horses, cattle and pigs.

4.  Plaintiff, Lexington Insurance Company ("Lexington") is a Delaware corporation approved as a surplus line carrier, providing insurance on a non-admitted basis in the State of

1

Iowa. Lexington has its principal place of business located at 100 Summer Street, Boston, Massachusetts.

5. Insurer Plaintiff, Lexington, issued a property insurance policy to Lauridsen, protecting it and its subsidiaries against loss and damage to its real and business personal property, including its animal processing building, known as APC, located at 2621 Mamie Eisenhower Ave., Boone, Iowa 50036 (the "Building").

6. Upon information and belief, Advance is a Nebraska corporation with its principal place of business located at 12702 Westport Parkway, Suite 201, Omaha, Nebraska 68138.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1332(a)(1) because Lexington and Advance are citizens of different jurisdictions and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. Venue is proper in this district under 28 U.S.C. § 1391 because Advance does business in this judicial district.

## FACTUAL ALLEGATIONS

9. At all times material herein, Lexington had in place an insurance policy bearing policy number 1294986, issued to Lauridsen and its subsidiary property located at 2621 Mamie Eisenhower Ave., Boone, Iowa 50036 (the "Facility").

10. Advance is an employment staffing agency that provides employment opportunities to companies nationwide.

11. Advance provides temporary employment positions to companies in Iowa.

12. On January 5, 2012, Advance entered into an agreement with Lauridsen so as to supplement its workforce with an Advance employee.

13. This agreement required Advance to maintain various types of insurance throughout the relationship with Lauridsen.

14. Advance supplied a temporary employee to Lauridsen by the name of Patrick Schubert who worked at the Facility on and before the date of loss.

15. On and before the date of loss, the Facility had a no smoking policy.

16. An APC employee discovered Patrick Schubert smoking while sitting on a table in the northwest corner of the blending room at about 9:30 p.m., one-half hour into his shift, on Friday, February 28, 2014.

17. Upon information and belief, on February 28, 2014, Patrick Schubert negligently disposed of his cigarette into a dumpster outside of the Building.

18. Hours later, a fire was reported at the Facility.

19. Subsequent to the fire, Lexington retained a fire investigator and electrical engineer to determine the origin and cause of the fire.

20. The fire investigator and electrical engineer determined the fire originated in the dumpster located at the southeast corner area of the northwest warehouse.

21. The fire investigator and electrical engineer also concluded that it is more likely than not the cause of the fire was a cigarette. Ultimately, the fire investigator and electrical engineer were able to rule out all other potential causes.

22. On February 28, 2014, no other employees were observed smoking a cigarette in a non-smoking area of the facility.

23. Pursuant to the terms of its policy, Lexington paid Lauridsen for its damages and became subrogated to all rights and causes of action of the Insured.

## COUNT I – BREACH OF CONTRACT

24. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

25. Defendant Advance contracted with Lauridsen, whereby Defendant Advance and every Advance employee agreed to:

   a. Comply with all applicable workplace health and safety laws;

   b. Properly manage its employees on assignment with Lauridsen, and to discipline and discharge them, as appropriate, in its sole discretion;

26. Defendant Advance specifically agreed to assign its employees to Lauridsen only after they have successfully undergone the screening and/or background checks described within the agreement.

27. Defendant Advance breached its contractual obligations through the following acts and/or omissions, including but not limited to:

   a. Failing to use reasonable care while performing the hiring of Patrick Schubert;

   b. Failing to properly ensure Patrick Schubert was capable of complying with a no smoking policy;

   c. Failing to properly perform a screening and/or background check on Patrick Schubert;

   d. Failing to properly manage and discipline Patrick Schubert for failing to abide by Lauridsen's workplace safety policies;

   e. Any other acts or omissions that may become known during the course of litigation;

28. As a direct and proximate cause of Defendant Advance's breach of contract, a fire began in a dumpster resulting in damage to the APC Facility and other losses.

29. Pursuant to its policy of insurance, Lauridsen made a claim to Lexington, seeking reimbursement for the aforementioned damages.

30. Pursuant to said policy of insurance, Lexington was required to and did pay Lauridsen $7,376,031.37.

31. As a result of those payments, Lexington has become subrogated, to the extent of its payments, to Lauridsen's rights against Defendant Advance.

WHEREFORE, Plaintiff respectfully request this Court award them a judgment against Defendant Advance in an amount to be proven at trial, together with costs, attorney's fees, expenses, pre- and post- judgment interest and any other relief this Court deems just and proper.

## COUNT II – NEGLIGENCE

32. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

33. Defendant Advance had a duty to exercise reasonable care in hiring of the employee it provided to Lauridsen, Patrick Schubert.

34. Defendant Advance breached its duty through the following acts and/or omissions constituting negligence, including but not limited to:

   a. Failing to use reasonable care while performing the hiring of Patrick Schubert;

   b. Failing to properly ensure Patrick Schubert was capable of complying with a no smoking policy;

   c. Failing to properly perform a background check on Patrick Schubert;

   d. Any other acts or omissions that may become known during the course of litigation;

35. As a direct and proximate cause of Defendant Advance's negligence, a fire began in a dumpster resulting in damage to the APC Facility and other losses.

36. Pursuant to its policy of insurance, Lauridsen made a claim to Lexington, seeking reimbursement for the aforementioned damages.

37. Pursuant to said policy of insurance, Lexington was required to and did pay Lauridsen $7,376,031.37.

38. As a result of those payments, Lexington has become subrogated, to the extent of its payments, to Lauridsen's rights against Defendant Advance.

WHEREFORE, Plaintiff respectfully request this Court award them a judgment against Defendant Advance in an amount to be proven at trial, together with costs, attorney's fees, expenses, pre- and post- judgment interest and any other relief this Court deems just and proper.

## COUNT III –VICARIOUS LIABILITY

39. Plaintiff incorporates herein all preceding paragraphs as it fully stated herein.

40. Defendant Advanced employed Patrick Schubert on and before the date of loss.

41. Patrick Schubert was an agent of Defendant Advance on and before the date of loss.

42. Patrick Schubert was acting within the scope of his authority as the agent of Defendant Advance.

43. While acting as an agent of Defendant Advance, Patrick Schubert had a duty to exercise reasonable care in performing the tasks and complying with the workplace safety policies set forth by Lauridsen.

44. Patrick Schubert breached his duty through the following acts and/or omissions constituting negligence, including but not limited to:

    a. Failing to adhere to the workplace safety policies;

    b. Negligently smoking in a non-smoking area of the APC Facility;

6

    c. Negligently disposing of a lit cigarette in a dumpster located outside the APC Facility;

    d. Failing to ensure the lit cigarette did not create a hazardous condition in the dumpster;

    e. Any other acts or omissions that may become known during the course of litigation;

45. As a direct and proximate cause of Patrick Schubert's negligence, a fire began in a dumpster resulting in damage to the APC Facility and other losses.

46. Pursuant to its policy of insurance, Lauridsen made a claim to Lexington, seeking reimbursement for the aforementioned damages.

47. Pursuant to said policy of insurance, Lexington was required to and did pay Lauridsen $7,376,031.37.

48. As a result of those payments, Lexington has become subrogated, to the extent of its payments, to Lauridsen's rights against Defendant Advance.

WHEREFORE, Plaintiff respectfully request this Court award them a judgment against Defendant Advance in an amount to be proven at trial, together with costs, attorney's fees, expenses, pre- and post- judgment interest and any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all claims so triable.

DATED: August 11, 2017

                              LEXINGTON INSURANCE COMPANY,
                              as subrogee of THE LAURIDSEN GROUP, INC.,
                              Plaintiff


By:   /s/ Shivani Sharma
        Mark E. Novotny, #19102
        Shivani Sharma, #25959
        Lamson, Dugan & Murray, LLP
        10306 Regency Parkway Drive
        Omaha, NE 68114-3743
        Telephone: (402) 397-7300
        Facsimile: (402) 397-7824
        mnovotny@ldmlaw.com
        SSharma@ldmlaw.com

And


By:   /s/ Michael R. Marx
        Michael R. Marx
        Denenberg Tuffley, PLLC
        One Northwestern Plaza
        28411 Northwestern Hwy, Suite 600
        Southfield, MI 48034

#649812