IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, ) | | CASE NO. 8:17-cv-00296 |
| as subrogee of THE LAURIDSEN GROUP, ) | | |
| INC. and APC COMPANY, INC., ) | | |
| ) | | |
| Plaintiffs, ) | | |
| v. ) | | **PLAINTIFFS' FIRST** |
| ) | | **AMENDED COMPLAINT** |
| ADVANCE SERVICES, INC., ) | | |
| ) | | |
| Defendant. ) | | |

Plaintiffs, LEXINGTON INSURANCE COMPANY ("**Lexington**"), as subrogee of THE LAURIDSEN GROUP, INC. ("**Lauridsen**") and APC COMPANY, INC. ("**APC**"), by and through undersigned counsel, and for their Amended Complaint against Defendant, ADVANCE SERVICES, INC. ("**Advance**"), state as follows.

## INTRODUCTION

1.      This is an action to recover damages resulting from a fire at one of Lauridsen's processing facility buildings, operated by it subsidiary company APC, located in Boone, Iowa.

## PARTIES

2.      Lexington is a Delaware corporation approved as a surplus line carrier, providing insurance on a non-admitted basis in the State of Iowa. Lexington has its principal place of business located at 100 Summer Street, Boston, Massachusetts.

3.      Lexington, issued a property insurance policy to its Lauridsen, protecting it and its subsidiaries, including APC, against loss and damage to its real and business personal property, including its animal processing building, located at 2621 Mamie Eisenhower Ave., Boone, Iowa 50036 (the "Facility").

4.      On the date of the loss, Lauridsen was a privately held holding company, which focused on the food and animal feed industry with a principal place of business located at 2425 SE Oak Tree Court, Ankeny, Iowa 50021.

5.      On the date of the loss, APC was a wholly owned subsidiary of Lauridsen, that utilized dried blood plasma (porcine and bovine) and converted the raw product in a protein food supplement primarily for horses, cattle and pigs at its facility located at located at 2621 Mamie Eisenhower Ave., Boone, Iowa 50036.

6.      Lauridsen and APC are hereinafter collectively referred to as the "Insured".

7.      Upon information and belief, Advance is a Nebraska corporation with its principal place of business located at 12702 Westport Parkway, Suite 201, Omaha, Nebraska 68138.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1332(a)(1) because Lexington and Advance are citizens of different jurisdictions and the amount in controversy exceeds $75,000 exclusive of interest and costs.

9.      Venue is proper in this district under 28 U.S.C. § 1391 because Advance does business in this judicial district.

## FACTUAL ALLEGATIONS

10.     At all times material herein, Lexington had in place an insurance policy bearing policy number 1294986, issued to the Insured for the Facility.

11.     Advance is an employment staffing agency that provides employment opportunities to companies nationwide.

12.     Advance provides temporary employment positions to companies in Iowa.

13. On January 5, 2012, Advance entered into an agreement with the Insured so as to supplement its workforce with an Advance employee.

14. This agreement required Advance to maintain various types of insurance throughout the relationship with the Insured.

15. Advance supplied a temporary employee to the Insured by the name of Patrick Schubert who worked at the Facility on and before the date of loss.

16. On and before the date of loss, the Facility had a no smoking policy.

17. An employee of the Insured discovered Patrick Schubert smoking while sitting on a table in the northwest corner of the blending room at about 9:30 p.m., one-half hour into his shift, on Friday, February 28, 2014.

18. Upon information and belief, on February 28, 2014, Patrick Schubert negligently disposed of his cigarette into a dumpster outside of the Facility.

19. Hours later, a fire was reported at the Facility.

20. Subsequent to the fire, Lexington retained a fire investigator and electrical engineer to determine the origin and cause of the fire.

21. The fire investigator and electrical engineer determined the fire originated in the dumpster located at the southeast corner area of the northwest warehouse.

22. The fire investigator and electrical engineer also concluded that it is more likely than not the cause of the fire was a cigarette. Ultimately, the fire investigator and electrical engineer were able to rule out all other potential causes.

23. On February 28, 2014, no other employees were observed smoking a cigarette in a non-smoking area of the facility.

24. Pursuant to the terms of its policy, Lexington paid the Insured for its damages and became subrogated to all rights and causes of action of the Insured.

## COUNT I – BREACH OF CONTRACT

25. Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

26. Advance contracted with the Insured, whereby Advance and every Advance employee agreed to:

   a. Comply with all applicable workplace health and safety laws;

   b. Properly manage its employees on assignment with the Insured, and to discipline and discharge them, as appropriate, in its sole discretion;

27. Advance specifically agreed to assign its employees to the Insured only after they have successfully undergone the screening and/or background checks described within the agreement.

28. Advance breached its contractual obligations through the following acts and/or omissions, including but not limited to:

   a. Failing to use reasonable care while performing the hiring of Patrick Schubert;

   b. Failing to properly ensure Patrick Schubert was capable of complying with a no smoking policy;

   c. Failing to properly perform a screening and/or background check on Patrick Schubert;

   d. Failing to properly manage and discipline Patrick Schubert for failing to abide by the Insured's workplace safety policies;

  e. Any other acts or omissions that may become known during the course of litigation;

29. As a direct and proximate cause of Advance's breach of contract, a fire began in a dumpster resulting in damage to the Facility and other losses.

30. Pursuant to its policy of insurance, the Insured made a claim to Lexington, seeking reimbursement for the aforementioned damages.

31. Pursuant to said policy of insurance, Lexington was required to and did pay the Insured $7,376,031.37.

32. As a result of those payments, Lexington has become subrogated, to the extent of its payments, to the Insured's rights against Advance.

WHEREFORE, Plaintiffs respectfully request this Court award them a judgment against Advance in an amount to be proven at trial, together with costs, attorney's fees, expenses, pre- and post- judgment interest and any other relief this Court deems just and proper.

## COUNT II – NEGLIGENCE

33. Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

34. Advance had a duty to exercise reasonable care in hiring of the employee it provided to the Insured, Patrick Schubert.

35. Advance breached its duty through the following acts and/or omissions constituting negligence, including but not limited to:

  a. Failing to use reasonable care while performing the hiring of Patrick Schubert;

  b. Failing to properly ensure Patrick Schubert was capable of complying with a no smoking policy;

      c.      Failing to properly perform a background check on Patrick Schubert;

      d.      Any other acts or omissions that may become known during the course of litigation;

36. As a direct and proximate cause of Advance's negligence, a fire began in a dumpster resulting in damage to the Facility and other losses.

37. Pursuant to its policy of insurance, the Insured made a claim to Lexington, seeking reimbursement for the aforementioned damages.

38. Pursuant to said policy of insurance, Lexington was required to and did pay the Insured $7,376,031.37.

39. As a result of those payments, Lexington has become subrogated, to the extent of its payments, to the Insured's rights against Advance.

WHEREFORE, Plaintiffs respectfully request this Court award them a judgment against Advance in an amount to be proven at trial, together with costs, attorney's fees, expenses, pre- and post- judgment interest and any other relief this Court deems just and proper.

## COUNT III –VICARIOUS LIABILITY

40. Plaintiffs incorporate herein all preceding paragraphs as it fully stated herein.

41. Advanced employed Patrick Schubert on and before the date of loss.

42. Patrick Schubert was an agent of Advance on and before the date of loss.

43. Patrick Schubert was acting within the scope of his authority as the agent of Advance.

44. While acting as an agent of Advance, Patrick Schubert had a duty to exercise reasonable care in performing the tasks and complying with the workplace safety policies set forth by the Insured.

45. Patrick Schubert breached his duty through the following acts and/or omissions constituting negligence, including but not limited to:

    a. Failing to adhere to the workplace safety policies;

    b. Negligently smoking in a non-smoking area of the APC Facility;

    c. Negligently disposing of a lit cigarette in a dumpster located outside the APC Facility;

    d. Failing to ensure the lit cigarette did not create a hazardous condition in the dumpster;

    e. Any other acts or omissions that may become known during the course of litigation;

46. As a direct and proximate cause of Patrick Schubert's negligence, a fire began in a dumpster resulting in damage to the APC Facility and other losses.

47. Pursuant to its policy of insurance, the Insured made a claim to Lexington, seeking reimbursement for the aforementioned damages.

48. Pursuant to said policy of insurance, Lexington was required to and did pay the Insured $7,376,031.37.

49. As a result of those payments, Lexington has become subrogated, to the extent of its payments, to the Insured's rights against Advance.

    WHEREFORE, Plaintiffs respectfully request this Court award them a judgment against Advance in an amount to be proven at trial, together with costs, attorney's fees, expenses, pre- and post- judgment interest and any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all claims so triable.

Dated: March 9, 2018

        LEXINGTON INSURANCE COMPANY, as subrogee of The Lauridsen Group, Inc. and APC Company, Inc., Plaintiffs,

By:   /s/ Shivani Sharma
       Mark E. Novotny, #19102
       Shivani Sharma, #25959
       Lamson, Dugan & Murray, LLP
       10306 Regency Parkway Drive
       Omaha, NE 68114-3743
       Telephone: (402) 397-7300
       Facsimile: (402) 397-7824
       mnovotny@ldmlaw.com
       SSharma@ldmlaw.com

and

Michael R. Marx
Denenberg Tuffley, PLLC
One Northwestern Plaza
28411 Northwestern Hwy, Suite 600
Southfield, MI 48034
Telephone: (248) 549-3900
Facsimile: (248) 593-5808
mmarx@dt-law.com

## **CERTIFICATE OF SERVICE**

    The undersigned counsel hereby certifies that on March 9, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dan H. Ketcham
Engles, Ketcham, Olson & Keith, P.C.
1350 Woodmen Tower
Omaha, NE 68102
dketcham@ekoklaw.com

        /s/ Shivani Sharma
        Shivani Sharma, #25959

#664779